IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDSAY F.,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 22 C 1848 |
| v. ) | |
| ) | **Magistrate Judge** |
| KILOLO KIJAKAZI, Acting ) | **Maria Valdez** |
| Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Lindsay F.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 7] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On January 31, 2020, Plaintiff filed a claim for DIB, alleging disability since March 16, 2018. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on September 9, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Prior to the hearing, Plaintiff amended her alleged onset date to February 25, 2019.

On October 13, 2021, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 25, 2019. At step two, the ALJ concluded that Plaintiff had the following medically determinable impairments: asthma; bronchitis; carpal tunnel syndrome; toe pain; left hip pain;

2

right foot pain; headaches; otitis media; loose bowel movements; obesity; bipolar disorder; anxiety disorder; depressive disorder; and insomnia. The ALJ then determined that Plaintiff does not have a severe impairment or combination of impairments. Accordingly, the ALJ found that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps

3

one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

4

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

5

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to build a logical bridge from the evidence to her conclusion that Plaintiff did not have a severe impairment; (2) the ALJ failed to properly evaluate Dr. John McMillin's opinion in accordance with the applicable regulations; and (3) the ALJ's credibility assessment is patently wrong.

As set forth above, the ALJ found at step two that Plaintiff's medically determinable impairments include bipolar disorder, anxiety disorder, and depressive disorder. (R. 15.) However, the ALJ determined that none of Plaintiff's impairments are severe, therefore necessarily finding that Plaintiff was not disabled without proceeding through the remaining sequential steps. (*Id.* at 16.) In advancing her first argument, Plaintiff contends that the ALJ erred in finding that her mental health conditions were nonsevere. (Pl.'s Memo. at 5-10.) Pertinent to that argument, in her decision, the ALJ noted Plaintiff's testimony that "her bipolar disorder made it hard to concentrate, focus and manage her time" and "her mood went up and down with manic episodes that last one to two weeks and periods of depression that lasted two to three weeks." (R. 18.) The ALJ further noted that Plaintiff had "diagnoses of bipolar disorder, anxiety disorder, depressive disorder and insomnia" and medical records documented Plaintiff "appearing anxious, distracted, [and] tired." (*Id.*) The ALJ also noted that Plaintiff "was prescribed

6

medication, such as Zyprexa, Trazodone, Ritalin, Wellbutrin and Seroquel, for [her mental health] impairments." (*Id.*) The ALJ acknowledged the opinions of Plaintiff's treating psychiatrist, Dr. John McMillin, who opined that Plaintiff had a marked limitation in concentration and would miss more than four days of work each month as a result of her mental health conditions. (*Id.*) Troublingly, however, the ALJ did not specifically mention that Plaintiff was admitted to a month-long partial hospitalization program for mental health treatment from February 25, 2019 to March 29, 2019 following a mixed bipolar episode. (R. 388.)

The Seventh Circuit has explained that "[t]he Step 2 determination is a *de minimis* screening for groundless claims intended to exclude slight abnormalities that only minimally impact a claimant's basic activities." *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016) (citation and internal quotations omitted). *See also Esther V. v. Saul*, No. 19-CV-8093, 2021 WL 1121123, at *4 (N.D. Ill. Mar. 23, 2021) ("Step 2 has been classified time and time again by the Seventh Circuit as 'a *de minimis* screening for groundless claims.'") (citations omitted). Accordingly, "[a] claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, *i.e.*, do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities." *Dorothy C. v. Kijakazi*, No. 21-CV-1278, 2022 WL 2440040, at *2 (N.D. Ill. July 5, 2022) (citation omitted). The step two severity threshold "is generally regarded as an easy-to-meet test." *Dory L. v. Saul*, No. 19 CV 50106, 2020 WL 5763612, at *3 (N.D. Ill. Sept. 28, 2020) (citation omitted).

7

Under this *de minimis* test, the Court finds that the ALJ erred at step two in determining at that Plaintiff's bipolar disorder, anxiety disorder, and depressive disorder did not constitute severe impairments. As Plaintiff points out, in addition to being partially hospitalized over the relevant time period, Plaintiff also had "consistent medication adjustment . . . due to vacillating bipolar episodes, auditory hallucinations, overspending, elevated energy, low energy, and impaired concentration, among other symptoms." (Pl.'s Memo. at 6 (citing R. 16, 409-411, 416-417, 722-725).) Based on the medical record and Plaintiff's testimony, there is evidence that Plaintiff's mental health conditions more than minimally impact her basic activities, and the Court finds that Plaintiff's allegations are far from groundless. *See Joseph S. v. Kijakazi*, No. 20-CV-3866, 2022 WL 1185207, at *2 (N.D. Ill. Apr. 21, 2022) ("The Court finds the medical record and Plaintiff's testimony demonstrates that his depression had a greater than minimal impact on his daily activities. Hence, the Court believes the ALJ made an error in her Step Two assessment, and that Plaintiff successfully met the *de minimis* threshold showing his anxiety and depression were severe."). As such, the ALJ erred in finding no severe impairments at step two and failing to proceed through the remaining steps of the evaluation process. *See Ellis v. Kijakazi*, No. 20-CV-4582, 2022 WL 1085164, at *3 (N.D. Ill. Apr. 11, 2022) ("[T]he medical evidence in the Administrative Record did not clearly establish that Plaintiff's impairment or combination of impairments had only a minimal effect on Plaintiff's ability to perform basis work activities, and the ALJ's analysis should have continued beyond

8

Step Two."). The ALJ's error in that regard requires that this matter be remanded. *See Shelah H. v. Kijakazi*, No. 19 C 4781, 2022 WL 1028832, at *9 (N.D. Ill. Apr. 6, 2022) ("This case is remanded with instructions for the ALJ to consider specifically whether Plaintiff has at least one severe impairment that satisfies Step Two's threshold requirement and if so, to continue to evaluate Plaintiff's claims at Step Three through Five."). The Court does not reach Plaintiff's remaining arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 7] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*Maria Valdez*

**DATE:** __March 30, 2023__  _____

                                                                             **HON. MARIA VALDEZ**
                                                                             **United States Magistrate Judge**